UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAR 2 2 2004

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| CYNTHIA L. ESPINOSA, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **B-04-052** |
| | § | |
| HARLINGEN CONSOLIDATED | § | |
| INDEPENDENT SCHOOL DISTRICT and | § | |
| LARRY B. BRUNT, | § | |
| Defendants. | § | |

**NOTICE OF REMOVAL**

TO:    Plaintiff Cynthia L. Espinosa, by and through her attorney of record, Janice Cassidy,
Janice A. Cassidy, P.C. P. O. Box 502, San Benito, Texas 78586

Please take notice that on March16, 2004, Defendant Harlingen Consolidated Independent

School District (Harlingen CISD), filed in the United States District Court for the Southern District

of Texas, Brownsville Division, a Notice for the removal of the above entitled cause of action from

the 103rd Judicial District Court of Cameron County, Texas.

**I.**

This action was commenced against Defendants in the District Court for the 103rd Judicial

District, Cameron County, Texas, by the above-named Plaintiff on August 21, 2003. There was not

a federal question presented in Plaintiff's Original Petition; therefore, the case was not removable

when initiated. Diversity jurisdiction is not applicable in this case.

**II.**

Defendant Harlingen CISD was served with Plaintiff's First Amended Original Petition on

March 4, 2004. A federal question was presented in Plaintiff's First Amended Original Petition;

thus, this case first became removable when Plaintiff's First Amended Original Petition was filed.

Plaintiff's First Amended Original Petition was filed on March 4, 2004. This Notice of Removal is timely filed within thirty days of both the date of filing of Plaintiff's First Amended Original Petition and the date of service of the pleading.

## III.

Co-defendant, Larry B. Brunt, is proceeding pro se in this matter. Defendant Brunt consents to the removal of this case and joins in the removal of this case to the United States District Court in Brownsville. Acknowledgment of co-defendant Brunt's joinder in removal and consent to removal is shown by his signature on the attached Joinder in and Consent to Removal to Federal Court.

## IV.

Defendant states that this action is of a civil nature, of which the district courts of the United States have original jurisdiction under the provision of 28 U.S.C. § 1331 and which may be removed to this court by Defendant pursuant to 28 U.S.C. § 1441(b) in that it alleges claims under the Federal Constitution. As appears on the face of Plaintiff's First Amended Original Petition filed with the state district court on or about March 4, 2004, this action arises under the laws of the United States. Specifically, Plaintiff brings this cause for damages for alleged violation of sexual harassment under 20 U.S.C. § 1681 *et seq.,* commonly referred to as Title IX.

## V.

Defendant states that the action was commenced on August 21, 2003, when Plaintiff filed her Original Petition. This case first became removable on the basis of federal question jurisdiction when Plaintiff filed her First Amended Petition on March 4, 2004, which was the same date Defendant Harlingen CISD was served with Plaintiff's First Amended Petition. Therefore, the time

has not elapsed within which Defendant is allowed to file this Notice of Removal of action to this

Court. A copy of Plaintiff's First Amended Original Petition alleging a federal claim against

Defendants, Plaintiff's Original Petition, citation, and a copy of Defendant Larry B. Brunt's Joinder

In and Consent to Removal to Federal Court are attached hereto. Also submitted to the Court with

this Notice of Removal are copies of all pleadings filed in state court prior to removal, a copy of the

order of the state court setting Defendant Harlingen CISD's special exceptions for hearing (which

hearing was subsequently passed by agreement), an index of matters being filed, and a list of all

counsel of record. Defendant is filing this Notice within the thirty day limit from the time this case

became removable.

## VI.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that this cause be removed

to the United States District Court for the Southern District of Texas, Brownsville Division.

Respectfully submitted,

WALSH, ANDERSON, BROWN,
    SCHULZE & ALDRIDGE, P.C.
P. O. Box 2156
Austin, Texas 78768
Office:      (512) 454-6864
Facsimile:   (512) 467-9318

By: _____
    BRIDGET ROBINSON
    State Bar No. 17086800

ATTORNEYS FOR DEFENDANT HARLINGEN
CISD

-3-

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of March, 2004, a true and correct copy of the above and foregoing pleading was served upon counsel of record by placing same in the United States mail, certified, return receipt requested, postage prepaid and addressed as follows:

Janice A. Cassidy
Attorney at Law
P. O. Box 592
San Benito, TX 78586

Larry B. Brunt
8113 La Paloma
El Paso, Texas 79907

BRIDGET ROBINSON

CAUSE NO. 2003-08-4199-D

| | | |
|---|---|---|
| CYNTHIA L. ESPINOSA | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | |
| | § | CAMERON COUNTY, TEXAS |
| HARLINGEN CONSOLIDATED | § | |
| INDEPENDENT SCHOOL DISTRICT | § | |
| and LARRY B. BRUNT | § | 103RD JUDICIAL DISTRICT |

**JOINDER IN AND CONSENT TO REMOVAL TO FEDERAL COURT**

I hereby join in the removal to federal court and consent to the removal of this case to federal

court based on Plaintiff's amended petition alleging a federal cause of action.

Date: 3-11-04

Larry B. Brunt
8113 LaPaloma
El Paso, Texas 79907

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

CYNTHIA L. ESPINOSA,                    §
       Plaintiff,                         §
                                         §
                                         §
v.                                       §     Civil Action No. **B-04-052**
                                         §
                                         §
HARLINGEN CONSOLIDATED                    §
INDEPENDENT SCHOOL DISTRICT and          §
LARRY B. BRUNT,                          §
       Defendants.                        §

## INDEX OF PLEADINGS

1.    08/21/04    Plaintiff's Original Petition with Citation

2.    09/19/03    Defendant Harlingen Consolidated Independent School District's Original
Answer and Special Exceptions

3.    09/26/03    Order Setting Hearing on Defendant HCISD's Special Exceptions

4.    11/13/03    Plaintiff's (Defendant Larry Brunt) Original Answer

5.    03/04/04    Plaintiff's First Amended Original Petition

6.    03/18/04    Defendant Harlingen Consolidated Independent School District's Notice of
Removal

CAUSE NO. 2003-08-4199-D

| | | |
|---|---|---|
| CYNTHIA L. ESPINOSA | § | IN THE DISTRICT COURT OF |
| | § | |
| vs. | § | |
| | § | CAMERON COUNTY, TEXAS |
| HARLINGEN CONSOLIDATED | § | |
| INDEPENDENT SCHOOL DISTRICT | § | |
| And | § | |
| LARRY B. BRUNT | § | 103rd JUDICIAL DISTRICT |

## PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION

TO THE HONORABLE JUDGE OF THE SAID COURT:

COMES NOW, CYNTHIA L. ESPINOSA, Plaintiff in the within cause, and files this her First Amended Original Petition complaining of acts and omissions of Defendants in violation of 20 USCS §§ 1681 et seq. commonly referred to as Title IX and in support would respectfully show the Court the following:

I.

Discovery in this cause should be conducted under level 2.

II.

Plaintiff, Cynthia L. Espinosa, is an individual who resides in Harlingen, Cameron County, Texas.

III.

Defendants, HCISD and Larry B. Brunt, have appeared and are before the Court for all purposes.

IV.

Jurisdiction over this cause is in Cameron County, Texas since all material acts between Plaintiff and Defendants occurred in Cameron County, Texas and all damages and injuries suffered by Plaintiff occurred in Cameron County, Texas.

V.

Prior to September 2000 Defendant, HCISD, hired Defendant, Brunt, as athletic trainer and entrusted him with the care of young women who played on the Girls' Soccer team known as "Lady Hawks" at the Harlingen South High School on a daily basis prior to and during the soccer season.

VI.

During the 2000 soccer season, Plaintiff was a sixteen (16) year old, female student at Harlingen South High School, and was a starring member of the Harlingen Lady Hawks soccer team.

VII.

During the 2001 soccer season, Plaintiff was a seventeen (17) year old, female student at Harlingen South High School, and was a starring member of the Harlingen Lady Hawks soccer team.

VIII.

During the 2000 and 2001 soccer season, Defendant, Brunt, openly engaged in sexual harassment of the Plaintiff at school games under the watchful eye of Defendant, HCISD, Officials and Board members who attended the games by inappropriately touching her and other soccer players at the games and Defendant, HCISD, had actual notice and knowledge of the

2

conduct of Defendant, Brunt, in that the conduct was open and notorious and visible to all in attendance at the games.

## IX.

During the 2000 and 2001 soccer seasons, Defendant Brunt trapped Plaintiff in a storage shed on school property and forced himself on the Plaintiff, made lewd and inappropriate comments to her about a sexual relationship they could have, attempted to entice her to run away with him and generally stalked her appearing in places outside of the school premises when she was already fearful of him and his advances.

## X.

Week after week, Defendant, HCISD Officials witnessed inappropriate conduct toward the female players entrusted to the care of Defendant, Brunt, and said Defendant HCISD intentionally and deliberately failed to take any action to prevent Defendant Brunt's illegal conduct and to protect Plaintiff and other young ladies similarly situated from such inappropriate conduct and Defendant, HCISD, was deliberately indifferent to the harassing conduct being then and there perpetrated upon the Plaintiff in failing to take measures to correct and otherwise prevent such conduct.

## XI.

In February 2001 Plaintiff's Mother reported the inappropriate conduct of Larry Brunt to School Officials; however, no adverse action was taken against him until another parent insisted that some remedial action be taken against Defendant Brunt.

## XII.

Defendant, HCISD, was deliberately indifferent to the conduct of Defendant, Brunt, in:

a)    Failing to institute and implement anti-sexual harassment policies in the workplace for Defendant Brunt;

b)    Failing to enforce any anti-sexual harassment policies already in place in the workforce for Defendant Brunt;

c)    Allowing Defendant Brunt to utilize the school facilities during Christmas holidays to lure students to the school for his illicit activities;

d)    Failing to prevent Defendant Brunt from going to Plaintiff's home during the Christmas holidays when Plaintiff was in fear of him;

e)    Failing to reprimand or otherwise admonish Defendant Brunt once his offensive and inappropriate conduct with students became evident to Defendant;

f)    Failing to reprimand or otherwise admonish Defendant Brunt once Brunt's offensive and inappropriate conduct with a student was reported to Defendant;

g)    Failing to sufficiently investigate the background of Brunt to ensure the safety of students under HCISD's protection;

h)    Failing to take corrective action against Brunt once the inappropriate conduct was reported to HCISD in that Brunt was allowed to remain in his employment until another parent demanded his termination;

i)    Continuing to place the safety of students at risk by referring them to an environment for treatment where Brunt was working after HCISD received the report of inappropriate conduct by Brunt with a female student;

j)    Allowing inappropriate behavior by Brunt toward female students generally and Plaintiff specifically and thus fostering and encouraging the private inappropriate conduct perpetrated upon the Plaintiff in this case;

4

k)    Failing to supervise the conduct of Defendant Brunt with the female students by
allowing him to be alone with Plaintiff on more than one (1) occasion;

l)    Exhibiting a reckless disregard for the Plaintiff and her safety and protection; and

m)    Generally failing to protect the Plaintiff and other female students entrusted to its
care.

## XIII.

As a direct result of the conduct of Defendants, Plaintiff sustained severe mental anguish,
fear and anxiety and an exacerbation of her pre-existing medical condition as well as depression,
suicidal thoughts and intentions and long term loss of ambition and deprivation of life's
opportunities which were available to her but were taken from her as a direct result of
Defendants' actions and inactions in controlling Plaintiff's school environment, all of which is
continuing to the present and may and probably will continue indefinitely into the future, for
which Plaintiff seeks compensatory damages.

## XIV.

As a direct result of the foregoing conduct of Defendants, Plaintiff has been caused to
incur expenses for psychological and psychiatric care, medicines and treatments in an effort to
treat and cure herself of the said conditions, all of which has continued to the present and may
and probably will continue into the future, to her great financial detriment and loss, for which
Plaintiff seeks compensatory damages.

## XV.

Further, Plaintiffs seek exemplary damages against Defendants for illegal sexual
harassment of the Plaintiff in an amount which will deter Defendants from further practices such
as the ones complained of in this cause.

5

XVI.

It was necessary for Plaintiff to retain the services of Janice A. Cassidy, an Attorney duly licensed to practice law in the State of Texas, and Plaintiff seeks a judgment in her favor as reimbursement for reasonable and necessary attorney's fees incurred in the prosecution of this cause or, alternatively, that the Court award judgment directly in the name of said Attorney in payment of fees incurred.

WHEREFORE, Plaintiff seeks judgment for compensatory damages in the amount of $1.5 Million which is in excess of the minimum jurisdiction of this Court, for exemplary damages and for attorney's fees and reasonable and necessary costs of this suit, prejudgment interest and postjudgment interest and for such other and further relief to which she may show herself justly entitled. Plaintiff further seeks that governmental funding to Defendant, HCISD, be curtailed due to its failure to safeguard its students and promote anti-sexual harassment policies and procedures.

Respectfully submitted,

JANICE A. CASSIDY, P.C.
P. O. Box 592
San Benito, TX 78586
(956) 399-3327
(956) 399-0688

By _____
    JANICE A. CASSIDY
    *Attorney for Plaintiff*
    SBOT 03979210
    Cameron County 191601

6

## **CERTIFICATE OF SERVICE**

The undersigned does certify that the foregoing has been served in accordance with the Texas Rules of Civil Procedure this 4th day of March 2004.

By _____
                JANICE A. CASSIDY
                            *Attorney for Plaintiff*

7

AURORA DE LA GARZA DIST. CLERK

NOV 13 2003

DISTRICT COURT OF CAMERON COUNTY, TEXAS
DEPUTY

CAUSE NO. 2003-08-4199-D

| | | |
|---|---|---|
| CYNTHIA L. ESPINOSA | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | 103RD JUDICIAL DISTRICT |
| | § | |
| HARLINGEN CONSOLIDATED | § | |
| INDEPENDENT SCHOOL DISTRICT | § | |
|     AND | § | |
| LARRY B. BRUNT | § | CAMERON COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, LARRY B. BRUNT, Pro Se, hereinafter referred to as Defendant, and files this Original Answer to the Plaintiff'S Original Petition and for good cause would show:

I.

Subject to such stipulations and admissions as may hereinafter be made, Respondent asserts a general denial as is authorized by Rule 92 of the Texas Rules of Civil Procedure and places the burden of proof upon plaintiff to prove each and every element of his cause of action by a preponderance of the evidence as required by the laws and constitution of the State of Texas.

### PRAYER

Defendant prays that all relief prayed for by Plaintiff be denied.

Defendant prays for general relief.

Respectfully submitted,

By: _Larry B. Brunt_
      Larry B. Brunt
8113 La Paloma
El Paso, Texas 79907
(915)  433-8476


### Certificate of Service

    I certify that a true and correct copy of the foregoing Defendant's Original Answer was mailed to the attorney for Plaintiff, Janice A. Cassidy, P.O. Box 592, San Benito, Texas 78586, by mailing a copy to her.

                  _Larry B. Brunt_
                 Larry B. Brunt

CAUSE NO. 2003-08-4199-D

| | | |
|---|---|---|
| CYNTHIA L. ESPINOSA | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | |
| | § | CAMERON COUNTY, TEXAS |
| HARLINGEN CONSOLIDATED | § | |
| INDEPENDENT SCHOOL DISTRICT | § | |
| and LARRY B. BRUNT | § | 103RD JUDICIAL DISTRICT |

## ORDER SETTING HEARING
## ON DEFENDANT HCISD'S SPECIAL EXCEPTIONS

The hearing on Defendant HCISD's Special Exceptions is hereby set for the _30th_ day of _October_, 2003, at _9.00_ o'clock a.m./~~p.m.~~ in the courtroom of the 103rd Judicial District Court at the Cameron County Courthouse in Brownsville, Texas.

Date: _September 26, 2003_.

_____
JUDGE PRESIDING

OCT - 2 2003
COPIES TO:

HON. BRIDGET ROBINSON
HON. JANICE A. CASSIDY

FILED 3:00 O'CLOCK P M
AURORA DE LA GARZA DIST CLERK
SEP 26 2003
DISTRICT COURT OF CAMERON COUNTY TEXAS
DEPUTY



CAUSE NO. 2003-08-4199-D

| | | |
|---|---|---|
| CYNTHIA L. ESPINOSA | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | |
| | § | CAMERON COUNTY, TEXAS |
| HARLINGEN CONSOLIDATED | § | |
| INDEPENDENT SCHOOL DISTRICT | § | |
| and LARRY B. BRUNT | § | 103RD JUDICIAL DISTRICT |

## DEFENDANT HCISD'S
## ORIGINAL ANSWER AND SPECIAL EXCEPTIONS

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Defendant Harlingen Consolidated Independent School District (HCISD) and

files its Original Answer and Special Exceptions. In support of its Original Answer and Special

Exceptions, Defendant HCISD shows the Court as follows:

### I.

### Original Answer

1.     Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant HCISD denies

each and every allegation in Plaintiff's Original Petition and any subsequent amendments thereto,

and demands strict proof thereof sufficient to satisfy Plaintiff's burden of proof.

### II.

### Entitlements and Defenses

2.     Defendant HCISD asserts its entitlement to sovereign immunity and Eleventh

Amendment immunity for any and all claims brought against it. Defendant is a unit of government

in a political subdivision of the state and as such, is protected from liability by the doctrines of

sovereign or governmental immunity and Eleventh Amendment immunity.

-1-

3.    Defendant HCISD affirmatively asserts that Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

4.    Defendant asserts lack of jurisdiction, in whole or part, over the cause of action asserted by Plaintiff, for which immunity has not been waived.

5.    Defendant claims its entitlement to the defenses of waiver, estoppel, failure to file within the statute of limitations, failure to exhaust administrative remedies, failure to mitigate damages, and after-acquired evidence for any and all claims asserted against it to which these defenses apply.

6.    Defendant specifically denies that all jurisdictional prerequisites have been met by Plaintiff. Defendant also denies that all conditions precedent to the filing of this suit have been performed.

7.    Even if Plaintiff were entitled to damages (which Defendant denies), Plaintiff could not and cannot recover any damages beyond the cap imposed by the Texas Tort Claims Act.

8.    Defendant asserts all statutory limitations of liability and all statutory limitations of damages (caps) applicable to this case.

9.    Defendant HCISD affirmatively asserts that Plaintiff is not entitled to compensatory damages, exemplary damages, pre-judgment interest, post-judgment interest, attorney's fees, costs, or any other type or form of damages. Pleading affirmatively and alternatively, Defendant asserts that it is not subject to punitive or exemplary damages. Further, Plaintiff is not entitled to punitive or exemplary damages.

10.    Pleading affirmatively and alternatively, Defendant asserts that Plaintiff is barred from recovering exemplary damages, if any, by the protections afforded under the First Amendment

-2-

and Fourteenth Amendment to the United States Constitution and under Article I Section 8 of the Texas Constitution and under the Due Process Clauses of the Texas and the United States Constitutions.

11.     Pleading affirmatively and alternatively, Defendant asserts contributory or comparative negligence on behalf of Plaintiff by virtue of acts or omissions or both, each of which constituted the failure to exercise ordinary care and was the sole cause or alternatively a proximate cause of the occurrence in question and the alleged damages.

12.     Defendant reserves the right to amend and/or supplement its answer pursuant to the Texas Rules of Civil Procedure.

13.     Further, Defendant would show that all or a portion of Plaintiff's claims are frivolous, unreasonable, and without foundation.  Defendant HCISD thereby seeks recovery of reasonable attorneys' fees and costs incurred by reason of Plaintiff's suit pursuant to TEX. EDUC. CODE ANN. § 11.161 (Vernon 1996).  Moreover, Defendant seeks recovery of reasonable attorneys' fees and costs incurred by reason of Plaintiff's suit pursuant to the Texas Rules of Civil Procedure, common law, and judicial interpretation.

### III.

### Special Exceptions

Special Exception No. 1.     Pursuant to TEX. R. CIV. P. 91, Defendant HCISD specially excepts to Plaintiff's Original Petition for failure to specify the statutory basis for the cause of action asserted against either Defendant.  Plaintiff has alleged no statutory basis for any alleged cause of action against Defendant HCISD.  Absent a basis for suit, this case should be dismissed.

Special Exception No. 2.     Pursuant to Rule 47 of the Texas Rules of Civil Procedure,

-3-

Defendant specially excepts to Plaintiff's Original Petition because it fails to specify the maximum amount of damages claimed. Defendant prays that its special exception be granted and that Plaintiff be required to amend her Petition so as to specify the maximum amount of damages claimed against Defendant.

Special Exception No. 3.    Pursuant to TEX. R. CIV. P. 91, Defendant HCISD specially excepts to section IX of Plaintiff's Original Petition in which Plaintiff claims Defendant Brunt "openly engaged in sexual harassment of the Plaintiff at school games under the watchful eye of Defendant, HCISD, Officials and Board members [sic] who attended the games by inappropriately touching her and other soccer players at the games and Defendant, HCISD, [sic] had actual notice and knowledge of the conduct of Defendant, Brunt." Defendant prays that Plaintiff be required to plead in specificity: (1) the acts of alleged sexual harassment; (2) what acts alleged constitute "the watchful eye of Defendant HCISD Officials and Board Members;" (3) the specific acts of alleged inappropriate touching; (4) the alleged "other soccer players;" (5) any assertion of alleged inappropriate contact with other soccer players; (6) the "games" at which Plaintiff alleges inappropriate contact occurred and the nature of the contact; (7) the conduct of Defendant Brunt of which Defendant HCISD allegedly had knowledge; and (8) how Defendant HCISD allegedly had actual notice and knowledge of the conduct of Defendant Brunt.

Special Exception No. 4.    Pursuant to TEX. R. CIV. P. 91, Defendant HCISD specially excepts to section IX of Plaintiff's Original Petition in which Plaintiff claims Defendant Brunt "openly engaged in sexual harassment of the Plaintiff ..." during "the 2000 and 2001 soccer season...." Defendant prays that Plaintiff be required to plead in specificity the exact dates in 2000 and 2001 about which Plaintiff complains and the conduct about which she complains.

-4-

Special Exception No. 5.       Pursuant to TEX. R. CIV. P. 91, Defendant HCISD specially excepts to section X of Plaintiff's Original Petition in which Plaintiff claims "[w]eek after week, Defendant, HCISD Officials witnessed inappropriate conduct toward the female players entrusted to the care of Defendant, Brunt, and said Defendant HCISD intentionally and deliberately failed to take any action to prevent Defndant Brunt's illegal conduct and to protect Plaintiff and other young ladies similarly situated from such inappropriate conduct and Defendant, HCISD, was deliberately indifferent to the harassing conduct being then and there perpetrated upon the Plaintiff in failing to take measures to correct and otherwise prevent such conduct." Defendant requests that Plaintiff be required to plead in specificity: (1) the specific dates of the "week after week" alleged by Plaintiff; (2) which HCISD officials allegedly witnessed inappropriate conduct; (3) the female players toward whom the alleged inappropriate conduct was allegedly directed; (4) the acts or omissions that allegedly constitute an intentional and deliberate failure to take action by Defendant HCISD; (5) the specific act of each alleged instance of "inappropriate conduct;" (6) the acts or omissions that allegedly constitute deliberate indifference by Defendant HCISD; and (7) the "measures to correct and otherwise prevent such conduct" Plaintiff claims should have been taken by Defendant HCISD.

Special Exception No. 6.       Pursuant to TEX. R. CIV. P. 91, Defendant HCISD specially excepts to section XI(c) of Plaintiff's Original Petition in which Plaintiff claims Defendant HCISD failed to "reprimand or otherwise admonish Defendant Brunt once his offensive and inappropriate conduct with students became evident to Defendant." Defendant prays that Plaintiff be required to plead with specificity: (1) the date that Defendant Brunt's alleged "offensive and inappropriate conduct with students became evident to Defendant;" (2) the report that allegedly gave Defendant HCISD notice of Defendant Brunt's alleged inappropriate conduct; (3) the specific words used to

-5-

make the report; (4) the person allegedly making the report; and (5) the person or persons to whom the alleged report was made.

Special Exception No. 7.    Pursuant to TEX. R. CIV. P. 91, Defendant HCISD specially excepts to section XI(e) of Plaintiff's Original Petition in which Plaintiff claims Defendant HCISD failed to "sufficiently investigate the backgroung of Brunt ...." Defendant prays that Plaintiff be required to plead with specificity how Defendant HCISD should have investigated Defendant Brunt's background and any information that would have allegedly been disclosed in a background check.

Special Exception No. 8.    Pursuant to TEX. R. CIV. P. 91, Defendant HCISD specially excepts to section XI(f) of Plaintiff's Original Petition in which Plaintiff claims Defendant HCISD failed to "take corrective action against Brunt once the inappropriate conduct was reported to HCISD." Defendant prays that Plaintiff be required to plead with specificity: (1) the corrective action that should have allegedly been taken; (2) the report that allegedly gave Defendant HCISD notice of Defendant Brunt's alleged inappropriate conduct; (3) the date of the alleged report; (4) the specific words used to make the report; (5) the person allegedly making the report; and (6) the person or persons to whom the alleged report was made.

## IV.

## Conclusion

WHEREFORE, PREMISES CONSIDERED, Defendant HCISD prays that its special exceptions be sustained, with Plaintiff required to re-plead in conformity. Defendant further prays that Plaintiff take nothing by this suit; that Defendant recover all costs and attorneys' fees herein expended; and that Defendant be awarded all such other and further relief, both general and specific, at law or in equity, to which Defendant may be entitled.

Respectfully submitted,

WALSH, ANDERSON, BROWN
  SCHULZE & ALDRIDGE, P.C.
P. O. Box 2156
Austin, Texas 78768
(512) 454-6864
FAX NO.: (512) 467-9318

By: _____
        BRIDGET ROBINSON
        State Bar No. 17086800

        ATTORNEYS FOR DEFENDANT HCISD

### CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of September, 2003, a true and correct copy of the foregoing pleading was served upon counsel of record by placing same in the United States mail, certified, return receipt requested, postage prepaid and addressed as follows:

*via* CM RRR
Janice A. Cassidy
Attorney at Law
P. O. Box 592
San Benito, Texas 78586

_____
Bridget Robinson

-7-

CAUSE NO. 2003-08-4199-D

| | | |
|---|---|---|
| CYNTHIA L. ESPINOSA | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | |
| | § | CAMERON COUNTY, TEXAS |
| HARLINGEN CONSOLIDATED | § | |
| INDEPENDENT SCHOOL DISTRICT | § | |
| and LARRY B. BRUNT | § | 103RD JUDICIAL DISTRICT |

## ORDER SETTING HEARING
## ON DEFENDANT HCISD'S SPECIAL EXCEPTIONS

The hearing on Defendant HCISD's Special Exceptions is hereby set for the _____ day

of _____, 2003, at _____ o'clock a.m./p.m. in the courtroom of the 103rd

Judicial District Court at the Cameron County Courthouse in Brownsville, Texas.

_____
JUDGE PRESIDING

CAUSE NO. 2003-08-4199-D

| | | |
|---|---|---|
| CYNTHIA L. ESPINOSA | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | |
| | § | CAMERON COUNTY, TEXAS |
| HARLINGEN CONSOLIDATED | § | |
| INDEPENDENT SCHOOL DISTRICT | § | |
| and LARRY B. BRUNT | § | 103RD JUDICIAL DISTRICT |

**ORDER RULING ON**
**DEFENDANT HCISD'S SPECIAL EXCEPTIONS**

Be it remembered that on this day came to be heard Defendant HCISD's Special Exceptions.

In accordance with the requisites of law, the Court issues the following rulings on Defendant's

Special Exceptions:

|  | **GRANTED** | **DENIED** |
|---|---|---|
| 1. | _____ | _____ |
| 2. | _____ | _____ |
| 3. | _____ | _____ |
| 4. | _____ | _____ |
| 5. | _____ | _____ |
| 6. | _____ | _____ |
| 7. | _____ | _____ |
| 8. | _____ | _____ |

Plaintiff is granted leave of Court and shall amend her Original Petition consistent with these

rulings within thirty (30) days of this Order or suffer dismissal of this case.

It is so ORDERED.

SIGNED on this the _____ day of _____, 2003.

_____
**JUDGE PRESIDING**

Citation for Personal Service  - GENERAL           . Lit. Seq. # 5.002.01

S. W.
8-28-03
No. 2003-08-004199-D          **ORIGINAL**

T H E    S T A T E    O F    T E X A S

NOTICE TO DEFENDANT:  You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: HARLINGEN CONSOLIDATED INDEP. SCHOOL DIS
    LINDA WADE, SUPERINTENDENT
    1409 EAST HARRISON
    HARLINGEN, TEXAS 78550

the _____DEFENDANT_____, GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIFF'S ORIGINAL PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 103rd Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas.  Said _____PETITION_____ was filed on _AUGUST 21, 2003_.  A copy of same accompanies this citation.

The file number of said suit being No. 2003-08-004199-D.

The style of the case is:

CYNTHIA L. ESPINOSA
VS.
HARLINGEN CONSOLIDATED INDEPENDENT SCHOOL DISTRICT

Said petition was filed in said court by _____HON. JANICE A. CASSIDY_____ (Attorney for _____PLAINTIFF_____), whose address is P.O. BOX 592 SAN BENITO, TX 78586                    .

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Brownsville, Texas, this the 22nd day of _AUGUST_, A.D. 2003.

_____AURORA DE LA GARZA_____, DISTRICT CLERK
Cameron County, Texas
974 E. Harrison St.
Brownsville, Texas 78521
BY _____Tommie L. Warford_____, Deputy

### R E T U R N   O F   O F F I C E R

Came to hand the _____ day of _____, _____, at _____ o'clock __.M., and

executed (not executed) on the _____ day of _____, _____, by delivering to

_____ in person a true copy of this Citation,

upon which I endorsed the date of delivery, together with the accompanying copy

of the _____.


Cause of failure to execute this citation is: _____

_____.


FEES serving 1 copy         _____

Total....... $_____    Sheriff/constable _____ County, TEXAS

Fees paid by:_____    By _____ Deputy

CAUSE NO. 2008-08-4199=D

FILED 10:45 O'CLOCK A M
AURORA DE LA GARZA DIST. CLERK

AUG 2 1 2003

DISTRICT COURT OF CAMERON COUNTY, TEXAS
_____ DEPUTY

| | | |
|---|---|---|
| CYNTHIA L. ESPINOSA | § | IN THE DISTRICT COURT OF |
| | § | |
| vs. | § | |
| | § | CAMERON COUNTY, TEXAS |
| HARLINGEN CONSOLIDATED | § | |
| INDEPENDENT SCHOOL DISTRICT | § | |
| And | § | 103ʳᵈ JUDICIAL DISTRICT |
| LARRY B. BRUNT | § | |

<u>**PLAINTIFF'S ORIGINAL PETITION**</u>

TO THE HONORABLE JUDGE OF THE SAID COURT:

COMES NOW, CYNTHIA L. ESPINOSA, Plaintiff in the within cause, complaining of Defendant, Harlingen Consolidated Independent School District (hereinafter referred to as "HCISD") and Defendant, Larry B. Brunt (hereinafter referred to as Brunt), and in support would respectfully show the Court the following:

I.

Discovery in this cause should be conducted under level 2.

II.

Plaintiff, Cynthia L. Espinosa, is an individual who resides in Harlingen, Cameron County, Texas.

III.

Defendant, HCISD, is a governmental entity which may be served with process through its Superintendent, Linda Wade, at 1409 East Harrison, Harlingen, Texas 78550.

IV.

Defendant, Brunt, is an individual who may be served with process at 8113 LaPaloma, El Paso, TX 79907.

V.

Jurisdiction over this cause is in Cameron County, Texas since all material acts between Plaintiff and Defendants occurred in Cameron County, Texas and all damages and injuries suffered by Plaintiff occurred in Cameron County, Texas.

VI.

Prior to September 2000 Defendant, HCISD, hired Defendant, Brunt, as athletic trainer and entrusted him with the care of young women who played on the Girls' Soccer team known as "Lady Hawks" at the Harlingen South High School on a daily basis prior to and during the soccer season.

VII.

During the 2000 soccer season, Plaintiff was a sixteen (16) year old, female student at Harlingen South High School, and was a starring member of the Harlingen Lady Hawks soccer team.

VIII.

During the 2001 soccer season, Plaintiff was a seventeen (17) year old, female student at Harlingen South High School, and was a starring member of the Harlingen Lady Hawks soccer team.

IX.

During the 2000 and 2001 soccer season, Defendant, Brunt, openly engaged in sexual harassment of the Plaintiff at school games under the watchful eye of Defendant, HCISD, Officials and Board members who attended the games by inappropriately touching her and other soccer players at the games and Defendant, HCISD, had actual notice and knowledge of the conduct of Defendant, Brunt.

2

## X.

Week after week, Defendant, HCISD Officials witnessed inappropriate conduct toward the female players entrusted to the care of Defendant, Brunt, and said Defendant HCISD intentionally and deliberately failed to take any action to prevent Defendant Brunt's illegal conduct and to protect Plaintiff and other young ladies similarly situated from such inappropriate conduct and Defendant, HCISD, was deliberately indifferent to the harassing conduct being then and there perpetrated upon the Plaintiff in failing to take measures to correct and otherwise prevent such conduct.

## XI.

Defendant, HCISD, was deliberately indifferent to the conduct of Defendant, Brunt, in:

a)    Failing to institute and implement anti-sexual harassment policies in the workplace for Defendant Brunt;

b)    Failing to enforce any anti-sexual harassment policies already in place in the workforce for Defendant Brunt;

c)    Failing to reprimand or otherwise admonish Defendant Brunt once his offensive and inappropriate conduct with students became evident to Defendant;

d)    Failing to reprimand or otherwise admonish Defendant Brunt once Brunt's offensive and inappropriate conduct with a student was reported to Defendant;

e)    Failing to sufficiently investigate the background of Brunt to ensure the safety of students under HCISD's protection;

f)    Failing to take corrective action against Brunt once the inappropriate conduct was reported to HCISD;

g)    Continuing to place the safety of students at risk by referring them to an environment for treatment where Brunt was working after HCISD received the report of inappropriate conduct by Brunt with a female student;

h)    Allowing inappropriate behavior by Brunt toward female students generally and Plaintiff specifically and thus fostering and encouraging the private inappropriate conduct perpetrated upon the Plaintiff in this case;

i)    Failing to supervise the conduct of Defendant Brunt with the female students;

j)    Exhibiting a reckless disregard for the Plaintiff and her safety and protection; and

k)    Generally failing to protect the Plaintiff and other female students entrusted to its care.

## XII.

As a direct result of the conduct of Defendants, Plaintiff sustained severe mental anguish, fear and anxiety and an exacerbation of her pre-existing medical condition as well as depression, suicidal thoughts and intentions and long term loss of ambition and deprivation of life's opportunities which were available to her but were taken from her as a direct result of Defendants' actions and inactions in controlling Plaintiff's school environment, all of which is continuing to the present and may and probably will continue indefinitely into the future, for which Plaintiff seeks compensatory damages.

## XIII.

As a direct result of the foregoing conduct of Defendants, Plaintiff has been caused to incur expenses for psychological and psychiatric care, medicines and treatments in an effort to treat and cure herself of the said conditions, all of which has continued to the present and may

4

and probably will continue into the future, to her great financial detriment and loss. for which Plaintiff seeks compensatory damages.

## XIV.

Further, Plaintiffs seek exemplary damages against Defendants for illegal sexual harassment of the Plaintiff in an amount which will deter Defendants from further practices such as the ones complained of in this cause.

## XV.

It was necessary for Plaintiff to retain the services of Janice A. Cassidy, an Attorney duly licensed to practice law in the State of Texas, and Plaintiff seeks a judgment in her favor as reimbursement for reasonable and necessary attorney's fees incurred in the prosecution of this cause or, alternatively, that the Court award judgment directly in the name of said Attorney in payment of fees incurred.

WHEREFORE, Plaintiff seeks judgment for compensatory damages in excess of the minimum jurisdiction of this Court, for exemplary damages and for attorney's fees and reasonable and necessary costs of this suit, prejudgment interest and postjudgment interest and for such other and further relief to which she may show herself justly entitled.

Respectfully submitted,

JANICE A. CASSIDY, P.C.
P. O. Box 592
San Benito, TX 78586
(956)  399-3327 (ofc)
(956)  399-0688 (fax)

(956) 739- 9985 (cell)

(020) 300-0088
(956) 399-0688
(020) 300-0088
(020) 300-3353
(956) 399-3327
(956) 399-0688

By _Janice A Cassidy_
    JANICE A. CASSIDY
       *Attorney for Plaintiff*
    SBOT 03979210
    Cameron County 191601

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

CYNTHIA L. ESPINOSA,                 §
                    Plaintiff,       §
                                     §
v.                                   §     Civil Action No. _____
                                     §
HARLINGEN CONSOLIDATED               §
INDEPENDENT SCHOOL DISTRICT and      §
LARRY B. BRUNT,                      §
                    Defendants.      §

## LIST OF ALL COUNSEL OF RECORD

| PARTY | ATTORNEY(S) |
|---|---|
| Cynthia L. Espinosa, Plaintiff | Janice A. Cassidy<br>Janice A. Cassidy, P.C.<br>P. O. Box 592<br>San Benito, Texas 78586<br>(956) 399-3327 |
| Harlingen Independent School District, Defendant | Bridget Robinson<br>Walsh, Anderson, Brown, Schulze &<br> Aldridge, P.C.<br>P. O. Box 2156<br>Austin, Texas 78768<br>(512) 454-6864 |
| Larry B. Brunt, *pro se* Defendant | Larry B. Brunt<br>8113 La Paloma<br>El Paso, Texas 79907<br>(915) 433-8476 |