United States District Court
Southern District of Texas
FILED

MAY 1 0 2004

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| CYNTHIA L. ESPINOSA, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. B-04-052 |
| | § | |
| HARLINGEN CONSOLIDATED | § | |
| INDEPENDENT SCHOOL DISTRICT and | § | |
| LARRY B. BRUNT, | § | |
| Defendants. | § | |

## JOINT DISCOVERY/CASE MANAGEMENT PLAN
### UNDER RULE 26(f)
### FEDERAL RULES OF CIVIL PROCEDURE

Please restate the instruction before furnishing the information.

1. State where and when the meeting of the parties required by Rule 26(f) was held and identify the counsel who attended for each party.

   The parties conferred telephonically and in writing on several dates in April and May, 2004. Janice Cassidy participated as the attorney for Plaintiff; Bridget Robinson participated as the attorney for Defendant Harlingen Consolidated Independent School District (HCISD) and Defendant Larry Brunt participated *pro se.*

2. List the cases related to this one that are pending in any state or federal court with the case number and court.

   None.

3. Specify the allegation of federal jurisdiction.

   Jurisdiction is proper under 28 U.S.C. § 1331.

4. Name the parties who disagree and the reasons.

   The parties do not disagree.

5. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

   None.

6. List anticipated interventions.

None.

7. Describe class-action issues.

None.

8. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

The parties have not made the initial disclosures required by Rule 26(a). The parties agree to waive the requirement of mandatory disclosures under FED. R. CIV. P. 26(a) in favor of traditional discovery.

9. Describe the proposed agreed discovery plan, including:

   A. Responses to all the matters raised in Rule 26(f).

      (1) The parties agree to waive the requirement of mandatory disclosures under FED. R. CIV. P. 26(a) in favor of traditional discovery.

      (2) The parties agree that discovery will be needed regarding Plaintiff's complaints of sexual contact, witnesses to the alleged contact, reports to the HCISD, and resolution of the reports.

      (3) The parties suggest no limitations on discovery other than those imposed by the federal and local rules.

      (4) Currently, the parties are not aware of any other orders that should be entered by the Court under Rule 26(c) or under Rule 16(b) and (c).

   B. When and to whom the plaintiff anticipates it may send interrogatories.

      Plaintiff anticipates she may send interrogatories to Defendants on or before June 1, 2004.

   C. When and to whom the defendant anticipates it may send interrogatories.

      Defendant HCISD anticipates it may send interrogatories to Plaintiff on or before June 1, 2004.

   D. Of whom and by when the plaintiff anticipates taking oral depositions.

   Plaintiff anticipates deposing the following individuals by October 30, 2004:

   Larry S. Brunt, *Pro Se* Defendant; HCISD Employees: Linda Wade, Principal Mr. Sosa, Guadalupe Nava, Dr. Christina Garcia, Trainer Heather _____, Coach Lerma, Guadalupe Zamora, Soledad Mayor, Math Teacher, Ms. Sanchez, Omar Pedreza, Counselor Mrs. Tovar, HCISD Trustees who were on Board during relevant time period and any other individuals identified by Defendants in response to discovery requests.

 E. Of whom and by when the defendant anticipates taking oral depositions.

   Defendant HCISD anticipates deposing Plaintiff, her parents, Adriana Ocanas, any witnesses to alleged sexual contact, and any other individuals identified by Plaintiff in response to discovery requests. Defendant HCISD also anticipates deposing Plaintiff's designated expert witnesses. Defendant HCISD anticipates completion of depositions by November 29, 2004. Currently, Defendant Brunt does not anticipate taking depositions.

 F. When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B) and when the opposing party will be able to designate responsive experts and provide their reports.

   At this time, Plaintiff does not anticipate designating any expert witnesses. If Plaintiff designates expert witnesses, they will be designated and a report furnished by September 15, 2004.

 G. List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. *See* Rule 26(a)(2)(B) (expert report).

   If Defendant designates expert witnesses, Plaintiff anticipates deposing those witnesses by November 29, 2004.

 H. List expert depositions the opposing party anticipates taking and their anticipated completion date. *See* Rule 26(a)(2)(B) (expert report).

   If Plaintiff designates any expert witnesses, Defendant anticipates deposing those witnesses by November 29, 2004.

10. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

        The parties agree about the discovery plan.

11.    Specify the discovery beyond initial disclosures that has been undertaken to date.

        Defendant HCISD has served Interrogatories, Requests for Production of Documents, and Requests for Admissions on Plaintiff.

12.    State the date the planned discovery can reasonably be completed.

        The parties anticipate discovery can be completed by November 29, 2004.

13.    Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

        Defendant HCISD suggests that this case is appropriate for by resolution by the submission of a motion for summary judgment. Plaintiff disagrees and stands ready to mediate this matter toward resolution.

14.    Describe what each party has done or agreed to do to bring about a prompt resolution.

        Defendant HCISD agrees to file a motion for summary judgment by the dispositive motions deadline.

15.    From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable and state when such a technique may be effectively used in this case.

        Due to the nature of the claims underlying this case, Defendants do not think alternative dispute resolution is appropriate or would be fruitful. If alternative dispute resolution is ordered in this case, Defendants would suggest its use only after the Court has ruled on the dispositive motions. If alternative dispute resolution ordered, the parties suggest non-binding mediation as the most suitable alternative dispute resolution technique.

16.    Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

        Currently, the parties have not consented to a magistrate judge.

17.    State whether a jury demand has been made and if it was made on time.

        A jury demand was not made; however, Plaintiff may seek leave to late file a jury demand.

18.    Specify the number of hours it will take to present the evidence in this case.

The parties believe it will take approximately twenty hours to present the evidence in this case.

19. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

None.

20. List other motions pending.

None.

21. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

None.

22. List the names, bar numbers, addresses and telephone numbers of all counsel.

Counsel for Plaintiff:

JANICE A. CASSIDY
State Bar No. 03979210
Southern District Admission No. 17656
Janice A. Cassidy, P.C.
P. O. Box 592
San Benito, Texas 78586
Office:      (956) 399-3327
Facsimile:   (956) 399-0688

Counsel for Defendant Harlingen Consolidated ISD:

BRIDGET ROBINSON
State Bar No. 17086800
Southern Dist. Admission No. 16521
Walsh, Anderson, Brown, Schulze & Aldridge, P.C.
P.O. Box 2156
Austin, Texas 78768
Office: (512) 454-6864
Facsimile: (512) 467-9318

*Pro Se* Defendant:
LARRY B. BRUNT
8113 La Paloma
El Paso, Texas 79907
(915) 433-8476

_____  _____
Janice A. Cassidy                May 10, 2004
Counsel for Plaintiff Espinosa   Date

_____  _____
Bridget Robinson                 May 5, 2004
Counsel for Defendant Harlingen CISD  Date


_____  _____
Larry B. Brunt                   Date
*Pro Se* Defendant

_____      May 5, 2004
Bridget Robinson                                          Date
Counsel for Defendant Harlingen CISD


_____      4-26-04
Larry B. Brunt                                              Date
*Pro Se* Defendant

6