United States District Court
Southern District of Texas
FILED

FEB 2 4 2005

Michael N. Milby
Clerk of Court

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# BROWNSVILLE DIVISION

|  |  |  |
|---|---|---|
| CYNTHIA ESPINOSA, | § | |
| Plaintiff | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. B-04-052 |
| | § | |
| | § | |
| HARLINGEN CONSOLIDATED | § | |
| INDEPENDENT SCHOOL DISTRICT and | § | |
| LARRY B. BRUNT, | § | |
| Defendants | § | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF THE SAID COURT:

COMES NOW, CYNTHIA L. ESPINOSA, Plaintiff in the within cause, and files this her First Amended Complaint complaining of acts and omissions of Defendants in violation of 20 USCS §§ 1681 et seq. commonly referred to as Title IX and in support would respectfully show the Court the following:

1.    Plaintiff, Cynthia L. Espinosa, is an individual who resides in Harlingen, Cameron County, Texas.

2.    Defendant, HCISD, is a governmental entity which has appeared by and through Counsel and is before the Court for all purposes.

3.    Defendant, Brunt, is an individual who has appeared by and through Counsel and is before the Court for all purposes.

### Count I – Plaintiff v. HCISD and Brunt

4.    Prior to September 2000 Defendant, HCISD, hired Defendant, Brunt, as athletic trainer and entrusted him with the care of young women who played on the Girls' Soccer team

known as "Lady Hawks" at the Harlingen South High School on a daily basis prior to and during the soccer season.

5.      During the 2000 soccer season, Plaintiff was a sixteen (16) year old, female student at Harlingen South High School, and was a starring member of the Harlingen Lady Hawks soccer team.

6.      During the 2001 soccer season, Plaintiff was a seventeen (17) year old, female student at Harlingen South High School, and was a starring member of the Harlingen Lady Hawks soccer team.

7.      During the 2000 and 2001 soccer season, Defendant, Brunt, openly engaged in sexual harassment of the Plaintiff at school games under the watchful eye of Defendant, HCISD, Officials and Board members who attended the games by inappropriately touching her and other soccer players at the games and Defendant, HCISD, had actual notice and knowledge of the conduct of Defendant, Brunt, in that the conduct was open and notorious and visible to all in attendance at the games.

8.      During the 2000 and 2001 soccer seasons, Defendant Brunt trapped Plaintiff in a storage shed on school property and forced himself on the Plaintiff by kissing and holding her against her wishes and without her consent, made lewd and inappropriate comments to her about a sexual relationship they could have, attempted to entice her to run away with him and generally stalked her appearing in places outside of the school premises when she was already fearful of him and his advances.

9.      Week after week, Defendant, HCISD Officials witnessed inappropriate conduct toward the female players entrusted to the care of Defendant, Brunt, and said Defendant HCISD intentionally and deliberately failed to take any action to prevent Defendant Brunt's illegal

2

conduct and to protect Plaintiff and other young ladies similarly situated from such inappropriate conduct and Defendant, HCISD, was deliberately indifferent to the harassing conduct being then and there perpetrated upon the Plaintiff in failing to take measures to correct and otherwise prevent such conduct.

10. In February 2001 Plaintiff's Mother reported the inappropriate conduct of Larry Brunt to School Officials; however, no adverse action was taken against him until another parent insisted that some remedial action be taken against Defendant Brunt.

11. Defendant, HCISD, was deliberately indifferent to the conduct of Defendant, Brunt, in:

a) Failing to institute and implement anti-sexual harassment policies in the workplace for Defendant Brunt;

b) Failing to enforce any anti-sexual harassment policies already in place in the workforce for Defendant Brunt;

c) Allowing Defendant Brunt to utilize the school facilities during Christmas holidays to lure students to the school for his illicit activities;

d) Failing to prevent Defendant Brunt from going to Plaintiff's home during the Christmas holidays when Plaintiff was in fear of him;

e) Failing to reprimand or otherwise admonish Defendant Brunt once his offensive and inappropriate conduct with students became evident to Defendant;

f) Failing to reprimand or otherwise admonish Defendant Brunt once Brunt's offensive and inappropriate conduct with a student was reported to Defendant;

Failing to sufficiently investigate the background of Brunt to ensure the safety of students under HCISD's protection;

3

g)   Failing to take corrective action against Brunt once the inappropriate conduct was reported to HCISD in that Brunt was allowed to remain in his employment until another parent demanded his termination;

h)   Continuing to place the safety of students at risk by referring them to an environment for treatment where Brunt was working after HCISD received the report of inappropriate conduct by Brunt with a female student;

i)   Allowing inappropriate behavior by Brunt toward female students generally and Plaintiff specifically and thus fostering and encouraging the private inappropriate conduct perpetrated upon the Plaintiff in this case;

j)   Failing to supervise the conduct of Defendant Brunt with the female students by allowing him to be alone with Plaintiff on more than one (1) occasion;

k)   Failing to ensure that Defendant Brunt attended a seminar or course regarding sexual harassment of students;

l)   Exhibiting a reckless disregard for the Plaintiff and her safety and protection; and

m)   Generally failing to protect the Plaintiff and other female students entrusted to its care.

12.   Defendant, Larry B. Brunt, Individually and as Servant, Agent and Employee of HCISD committed the following acts or omissions during the course and scope of employment with HCISD and individually against Plaintiff:

a)   Touching the Plaintiff inappropriately under the guise of treatment as a trainer;

b)   Stalking the Plaintiff outside of school time, during Christmas holidays and other times when school was not in session;

c) Utilizing his superior and official position as trainer to take advantage of vulnerable minors generally and plaintiff herein particularly;

d) Disregarding knowledge of anti-sexual harassment policies which he learned prior to his employment with HCISD;

e) Failing to attend anti-sexual harassment classes or seminars during his employment with HCISD; and

f) Exploiting Plaintiff's pre-existing vulnerability by forcing himself upon her against her wishes and without her consent.

### Count II – Plaintiff vs. Brunt, Individually and as servant, agent and employee of HCISD

13. On the foregoing occasions and as set forth herein, Defendant Brunt did physically and sexually assault Plaintiff in violation of Sections 22.011 and 22.021 of the Texas Penal Code by kissing Plaintiff, touching her and placing his arms around her without her permission and against her wishes.

### Count III - Damages

14. As a direct result of the conduct of Defendants, Plaintiff sustained severe mental anguish, fear and anxiety and an exacerbation of her pre-existing medical condition as well as depression, suicidal thoughts and intentions and long term loss of ambition and deprivation of life's opportunities which were available to her but were taken from her as a direct result of Defendants' actions and inactions in controlling Plaintiff's school environment, all of which is continuing to the present and may and probably will continue indefinitely into the future, for which Plaintiff seeks compensatory damages.

15. As a direct result of the foregoing conduct of Defendants, Plaintiff has been caused to incur expenses for psychological and psychiatric care, medicines and treatments in an

5

effort to treat and cure herself of the said conditions, all of which has continued to the present and may and probably will continue into the future, to her great financial detriment and loss, for which Plaintiff seeks compensatory damages.

16. Further, Plaintiffs seek exemplary damages against Defendants for illegal sexual harassment of the Plaintiff in an amount which will deter Defendants from further practices such as the ones complained of in this cause.

17. It was necessary for Plaintiff to retain the services of Janice A. Cassidy, an Attorney duly licensed to practice law in the State of Texas, and Plaintiff seeks a judgment in her favor as reimbursement for reasonable and necessary attorney's fees incurred in the prosecution of this cause or, alternatively, that the Court award judgment directly in the name of said Attorney in payment of fees incurred.

WHEREFORE, Plaintiff seeks judgment for compensatory damages in the amount of $1.5 Million which is in excess of the minimum jurisdiction of this Court against Harlingen Consolidated Independent School District and against Larry B. Brunt, both Individually and as Servant, Agent and Employee of HCIDS, for exemplary damages and for attorney's fees and reasonable and necessary costs of this suit, prejudgment interest and postjudgment interest and for such other and further relief to which she may show herself justly entitled.

Respectfully submitted,

JANICE A. CASSIDY, P.C.
P. O. Box 592
San Benito, TX 78586
(956) 399-3327
(956) 399-0688

By _____
JANICE A. CASSIDY
*Attorney for Plaintiff*

6

SBOT 03979210
Southern District Admission No.  17656

## CERTIFICATE OF SERVICE

The undersigned does certify that the foregoing has been served in accordance with the Federal Rules of Civil Procedure this 22nd day of February 2005.

By _____

JANICE A. CASSIDY
*Attorney for Plaintiff*

7