United States District Court
Southern District of Texas
FILED

MAR 1 0 2005

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| CYNTHIA L. ESPINOSA, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. B-04-052 |
| | § | |
| HARLINGEN CONSOLIDATED | § | |
| INDEPENDENT SCHOOL DISTRICT and | § | |
| LARRY B. BRUNT, | § | |
| Defendants. | § | |

### DEFENDANT HCISD'S
### FIRST AMENDED ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Defendant Harlingen Consolidated Independent School District (HCISD) and files its First Amended Answer in response to Plaintiff's Amended Complaint. In support of its First Amended Answer, Defendant HCISD shows the Court as follows:

### I.

#### FIRST AMENDED ANSWER

1. Pursuant to FED. R. CIV. P. 8(b), Defendant denies each and every allegation in Plaintiff's Amended Original Complaint except those allegations specifically admitted below.

2. Defendant admits that the Harlingen Independent School District is a governmental entity as it is a political subdivision of the State of Texas.

3. Defendant admits that this Court has federal question jurisdiction over the type of allegations filed by Plaintiff, but denies the veracity of all Plaintiff's allegations in her Amended Complaint other than those admitted in this Answer.

4. Defendant admits that Defendant Brunt was previously employed by the HCISD as

an athletic trainer.

5. Defendant admits that Plaintiff was previously enrolled as a student in the HCISD.

6. Defendant admits that when Plaintiff was a student in the HCISD, she participated as a student athlete on the girls' soccer team at the Harlingen South High School.

7. Defendant specifically denies any liability in this case under any of the theories of recovery articulated by Plaintiff.

8. Defendant denies there was a violation of Plaintiff's rights under Title IX, which is codified at 20 U.S.C. § 1681, *et seq.*, or any other statute, constitutional theory or legal authority.

9. Defendant denies that Plaintiff was sexually harassed or discriminated against on any basis as alleged in her Amended Complaint.

10. Defendant specifically denies that all conditions precedent to the filing of this lawsuit and the recovery of damages prayed for by Plaintiff have occurred or have been performed.

11. Defendant denies that Plaintiff is entitled to a trial in this case and further denies that Plaintiff is entitled to any of the relief she requests in her Amended Complaint.

12. Defendant denies that Plaintiff has sustained or continues to suffer from any loss or injury as alleged.

13. Defendant denies that Plaintiff is entitled to compensatory damages, exemplary damages, prejudgment interest, post-judgment interest, attorney's fees, costs, or any other type or form of damages.

14. Defendant specifically asserts that it is not subject to exemplary damages.

## II.

### ENTITLEMENTS AND DEFENSES

15. Defendant Harlingen Consolidated Independent School District asserts its entitlement to both sovereign immunity and Eleventh Amendment immunity from all claims asserted against it. The Harlingen Consolidated Independent School District is a unit of government and a political subdivision in the State of Texas and as such is protected from both suit and liability by the doctrines of sovereign immunity and Eleventh Amendment immunity.

16. Defendant HCISD affirmatively asserts that Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

18. Defendant asserts lack of jurisdiction, in whole or part, over the cause of action asserted by Plaintiff, for which immunity has not been waived.

19. Defendant claims its entitlement to the defenses of waiver, estoppel, laches, failure to file within the statute of limitations, failure to exhaust administrative remedies, failure to mitigate damages, collateral estoppel, *res judicata,* and after-acquired evidence for any and all claims asserted against it.

20. Defendant specifically denies that all jurisdictional prerequisites have been met by Plaintiff. Defendant also denies that all conditions precedent to the filing of this suit have been performed.

21. Defendant asserts all statutory limitations of liability and all statutory limitations of damages (caps) applicable to this case.

22. Defendant affirmatively asserts that it took prompt remedial action in response to the report received by the District.

-3-

23. Defendant specifically asserts that Plaintiff cannot state a cause of action for harassment based on her sex in violation of Title IX.

24. Additionally, even if Plaintiff could establish the elements necessary to state a claim (which Defendant denies), Defendant asserts its entitlement to the affirmative defenses under *Ellerth, Faragher*, and their progeny. *See Burlington Industries, Inc. v. Ellerth,* 524 U.S. 742, 118 S. Ct. 2257 (1998); *Faragher v. City of Boca Raton*, 524 U.S. 775, 118 S. Ct. 2275 (1998). Moreover, Defendant asserts that: (1) it exercised reasonable care to prevent and correct promptly any sexually harassing or discriminatory behavior; and (2) Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendants or to avoid harm otherwise.

25. Defendant is not subject to exemplary damages.

26. Defendant HCISD affirmatively asserts that Plaintiff is not entitled to compensatory damages, exemplary damages, pre-judgment interest, post-judgment interest, attorney's fees, costs, or any other type or form of damages. Pleading affirmatively and alternatively, Defendant asserts that it is not subject to punitive or exemplary damages. Further, Plaintiff is not entitled to punitive or exemplary damages.

27. Pleading affirmatively and alternatively, Defendant asserts that Plaintiff is barred from recovering exemplary damages, if any, by the protections afforded under the First Amendment and Fourteenth Amendment to the United States Constitution and under Article I Section 8 of the Texas Constitution and under the Due Process Clauses of the Texas and the United States Constitutions.

28. Further, Defendant would show that all or a portion of Plaintiff's claims are frivolous, unreasonable, and without foundation. Defendant HCISD thereby seeks recovery of reasonable

attorneys' fees and costs incurred by reason of Plaintiff's suit pursuant to TEX. EDUC. CODE ANN. § 11.161 (Vernon 1996). Moreover, Defendant seeks recovery of reasonable attorneys' fees and costs incurred by reason of Plaintiff's suit pursuant to statute, the Federal Rules of Civil Procedure, common law, and judicial interpretation.

29. Defendant asserts the right to raise additional defenses that become apparent throughout the factual development of the case.

### III.

#### CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Defendant urges this Court to deny Plaintiff any and all relief demanded in her Amended Complaint. Defendant also requests an award of reasonable attorneys' fees and costs of suit. Further, Defendant requests the Court grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

WALSH, ANDERSON, BROWN
 SCHULZE & ALDRIDGE, P.C.
P. O. Box 2156
Austin, Texas 78768
(512) 454-6864
FAX NO.: (512) 467-9318

By: _____
BRIDGET ROBINSON
State Bar No. 17086800

ATTORNEYS FOR DEFENDANT HCISD

## CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of March, 2005, a true and correct copy of the foregoing pleading was served upon counsel of record by placing same in the United States mail, certified, return receipt requested, postage prepaid and addressed as follows:

Janice A. Cassidy
Attorney at Law
P. O. Box 592
San Benito, Texas  78586

_____
Bridget Robinson

-6-