UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUN 3 0 2005

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| CYNTHIA ESPINOSA,<br>Plaintiff | § § § § | |
| vs. | § | CIVIL ACTION NO. B-04-052 |
| LARRY B. BRUNT,<br>Defendants | § § § § | |

**PLAINTIFF'S RESPONSE TO OPINION AND ORDER
GRANTING DEFENDANT, HCISD'S, MOTION FOR
SUMMARY JUDGMENT**

**TO THE HONORABLE JUDGE OF THE SAID COURT:**

**NOW COMES, Cynthia Espinosa,** Plaintiff in the within cause and files this her Response to Opinion and Order Granting Defendant, HCISD'S, Motion for Summary Judgment and in support would respectfully show the Court the following:

**REQUEST FOR REMAND TO STATE COURT**

In response to the Court's inquiry, Plaintiff replies, "Yes, I intend to pursue my state-law assault claim against Defendant Brunt individually." With the Court's dismissal of all federal questions, the Court has lost subject matter jurisdiction. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case *shall be remanded*. . ." 28 USC §1447 (c) emphasis added. While it is within the Court's discretion to exercise pendent or supplemental jurisdiction over state-law claims, the Court "abused its discretion in retaining jurisdiction over the state law claims after it had dismissed the federal RICO claims. . ." Parker & Parsley Petroleum Co. v. Dresser Industries, 972 F.2d 580, 589 (5th Cir.1992). "A §1447 (c)

remand may not be reviewed even if the district court's order was erroneous. . ." <u>Giles v. Nylcare Health Plans</u>, 172 F.3d 332, 336 (5th Cir.1999).

The Court is within its discretion in remanding the remaining state-law claim to state court and the decision to do so cannot be reviewed provided that the Court's reasoning in so doing is that the Court no longer has subject matter jurisdiction. If Plaintiff had solely plead a civil assault claim at the outset, no subject matter jurisdiction would have attached and removal would have been improper. This cause was removed from State court where it was originally filed once Plaintiff plead Title IX. The recently granted Motion for Summary Judgment not only disposed of federal questions but also addressed the liability of the HCISD for the acts of its employees under the Texas Tort Claims Act. It is obvious that the Court also decided the state-law immunity claim because it was raised in the same Motion and before the Court dismissed the allegations giving rise to federal question. The remaining assault claim against Defendant Brunt is rooted in state law and has little or nothing to do with Defendant HCISD at this point, certainly the Court has dismissed claims giving rise to any liability on the part of HCISD for Brunt's actions.

In determining if a Court has abused its discretion on the remand issue in non §1447 (c) cases, the Appellate Court considers the amount of time invested by the Court in the case. ". . . in the usual case in which all federal-law claims are eliminated before trial, the balance of facts to be considered under the pendent jurisdiction doctrine-judicial economy, convenience, fairness, and comity-will point toward declining to exercise jurisdiction over the remaining state-law claims." <u>Newport Ltd. V. Sears, Roebuck, and Co.</u>, 941 F.2d 302, 307(5th Cir. 1991). In <u>Newport, supra</u>, the Appellate Court

differentiated that case in which numerous Court hours had been invested in the case by the time the federal claims were dismissed after four years of litigation, and a pretrial order exceeding 200 pages and held that the Court did not abuse its discretion by exercising pendent jurisdiction because it was more expeditious to see the entire case to conclusion than to remand.   Such is not the instant case. This Court has presided over a Pre-Trial Conference and reviewed and ruled on Motion for Summary Judgment filed by Defendant, HCISD. The majority of discovery conducted in this case was conducted by Defendant, HCISD and minimal discovery has been conducted by Defendant Brunt. No trial date has been set.

WHEREFORE, Plaintiff respectfully requests that the Court remand the remaining state-law claim due to lack of subject matter jurisdiction.

Respectfully submitted,

JANICE A. CASSIDY, P.C.
P. O. Box 592
San Benito, TX 78586
(956) 399-3327
(956) 399-0688

By _____
JANICE A. CASSIDY
*Attorney for Plaintiff*
SBOT 03979210
Southern District Admission No. 17656

### CERTIFICATE OF SERVICE

The undersigned does certify that the foregoing has been served in accordance with the Federal Rules of Civil Procedure this 29th day of June 2005.

By _____
JANICE A. CASSIDY
*Attorney for Plaintiff*